UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANET LYNN WILLIAMS,

Plaintiff,

-vs-

CASE NO.: 3:16 CV 1273-J-32MCR

NAVIENTSOLUXTIONS, INC.,

Defendant.

______________________________/

FILED
2016 OCT -5 PM 12: 53
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**COMPLAINT**

COMES NOW Plaintiff, JANET LYNN WILLIAMS, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like NAVIENT from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

**JURISDICTION AND VENUE**

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Jacksonville, Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, NAVIENT, is a Delaware corporation with a principal place of business and/or office for transacting its business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

14. NAVIENT called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since January 2016, in an attempt to collect a debt not owed by Plaintiff.

15. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a

random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from NAVIENT.

16. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) XXX-6442, and was the called party and recipient of Defendant's calls.

17. Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant.

18. On or about January 2016, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual named "Mary ******," who was and is unknown to her.

19. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (888) 272-5543 and (605) 235-5091, and when those numbers are called, a pre-recorded message answers, "Welcome to Navient, the new name in education loan servicing, calls may be monitored or recorded for quality assurance or business purposes…"

20. Whenever Plaintiff spoke to NAVIENT, she would inform the agent they had the wrong number, that she did not know the person they were calling and to take her off their calling list; however, the calls continued and NAVIENT's agents became increasingly rude to Plaintiff.

21. NAVIENT also sent several text messages to Plaintiff's cellular telephone despite Plaintiff's repeated pleas for NAVIENT to stop contacting her.

22. Plaintiff's multiple requests for the harassment to end were ignored, even though she continuously answered the calls and informed NAVIENT they were calling the wrong person.

23. Due to the sheer volume of calls, Plaintiff was not able to keep track of every single call she received, however below is a small sampling of the calls Plaintiff received from Defendant:

1) Two (2) calls on May 20, 2016 at 4:33 PM and 4:36 PM;
2) One (1) call on May 21, 2016 at 9:43 AM;
3) One (1) call on May 23, 2016 at 5:48 PM;
4) Two (2) calls on May 24, 2016 at 3:55 PM and 3:56 PM; and
5) Two (2) calls on July 5, 2016 at 2:39 PM and 3:10 PM.

24. Each call the Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25. Each call the Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful.

26. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

27. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

28. By continuing to call the Plaintiff despite being informed they were calling the wrong number and she was not Mary ******, for whom they were calling, Plaintiff was led to believe the Defendant thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

29. NAVIENT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. NAVIENT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or NAVIENT, to remove the number.

31. NAVIENT's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT they wish for the calls to stop.

32. NAVIENT has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. NAVIENT has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requests to stop.

34. NAVIENT has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. NAVIENT's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

36. NAVIENT has a corporate policy to harass and abuse individuals despite actual knowledge they are not calling the correct party and the called parties do not wish to be called.

37. Not a single call placed by NAVIENT to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. NAVIENT willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. From each and every call placed by NAVIENT to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

40. From each and every call placed by NAVIENT to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from NAVIENT's calls.

41. From each and every call placed by NAVIENT to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly informed the caller they had were calling the wrong number and asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed by NAVIENT to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed by NAVIENT to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed by NAVIENT to Plaintiff's cell phone where a voice message was left, occupied space in Plaintiff's phone or network.

45. Each and every call placed by NAVIENT to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

46. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by,

and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

**COUNT I**
**(Violation of the TCPA)**

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. NAVIENT caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

49. NAVIENT willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

51. At all times relevant to this action, NAVIENT is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. NAVIENT has violated Florida Statute § 559.72(7) by willfully communicating with the alleged debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53. NAVIENT has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his or her family.

54. NAVIENT's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, JANET LYNN WILLIAMS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NAVIENT SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amy Ferrera, Esquire*
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff